IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                              CASE NO. 5:99cr15(7)/RS

FELIPE GUERRA JAIMES, et al,

    Defendants.
_____/

## ORDER

Before me is the communication (Doc. 1631) from Defendant Felipe Guerra Jaimes, in which he requests "a copy of his trial transcripts without a cost to him."

Defendant Jaimes pled guilty (Doc. 1289) on May 21, 2002, and was sentenced (Doc. 1307) on August 20, 2002.   There was not a trial of the charge against Defendant Jaimes; therefore, there is no trial transcript.  The Eleventh Circuit affirmed Defendant Jaimes' conviction and sentence (Doc. 1472).  Defendant's §2255 motion was denied on January 26, 2005 (Doc. 1576).  Defendant did not timely appeal the denial of his §2255 motion.

Defendant Jaimes has previously filed a Motion To Furnishing To The Petitioner A Copy Of His Trial Transcripts Without Cost (Doc. 1528), which was denied on August 10, 2004 (Doc. 1529).  Defendant alludes in his communication (Doc. 1631) that he requires trial transcripts because "Petitioner he have this case pending appeal on Certiorari petition, to the United States Supreme requesting relief, on Certiorari proceedings, on the filing to the Supreme Court of out time appeal brief..."   There is no showing in the record that Defendant has in fact filed anything seeking further review of

his conviction and sentence.

Doc. 1329 in the docket is an Eleventh Circuit Transcript Information Form completed and filed by Defendant Jaimes' federal public defender requesting copies of motion hearings on March 12, 2002; plea hearings on May 15 and 21, 2002; and the sentencing on August 19, 2002.  The requested transcripts were filed by the court reporter with the court and were subsequently transmitted to the Eleventh Circuit (See Doc. 1422).  Defendant's appeal to the Eleventh Circuit was completed, which leads to the conclusion that Defendant's appeal counsel had copies of the hearing transcripts.

Once again, Defendant has not made a showing that the pretrial transcripts, which were prepared at the request of his federal public defender appeal counsel and copies of which presumably provided him at that time, "are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding." *Hanson v. United States*, 956 F.2d 245, 248 (11th Cir. 1992); *see also, Bentley v. United States*, 431 F.2d 250 (6th Cir. 1979).

Defendant's communication (Doc. 1631) also contends that the Freedom of Information Act, 5 U.S.C. §5.2, requires that he be provided transcripts.  The Freedom of Information Act does not apply to federal courts.

**IT IS ORDERED** that Defendant Felipe Guerra Jaimes' communication requesting transcripts (Doc. 1631) is **denied**.

ORDERED on July 20, 2007.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**